CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUL 31 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| CORNELIA Y. PALMER, | CASE NO. 4:06CV00079 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security[1], | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | |

This challenge to a final decision of the Commissioner which denied plaintiff's May 21, 2003 protectively filed claim for a period of disability and disability insurance benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this action from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff was forty-six years old, had a tenth grade education with some work toward earning a GED, and had past relevant work (PRW) as a saw operator, production worker, and sewing machine operator. (R. 45.) The Law

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Commissioner of Social Security as the defendant.

Judge further found that plaintiff had not engaged in substantial gainful activity since her amended alleged date of disability onset, June 8, 2004[2], and that she was insured for benefits through the date of his decision. (R. 44, 51.) The Law Judge determined that plaintiff suffered asthma, which was a severe impairment, though not severe enough to meet or equal a listed impairment. (R. 46, 51.) The Law Judge was of the view that plaintiff's allegations regarding her limitations were "not totally credible," and that she retained the residual functional capacity (RFC) to perform a significant range of sedentary work in a clean-air environment. (R. 49, 51.) Though he determined that plaintiff could not return to her PRW, all light semi-skilled positions, by application of the Medical-Vocational Guidelines ("grids") and by reference to testimony provided by the vocational expert (VE), the Law Judge concluded that the sedentary, unskilled jobs of cashier, telephone operator, and telemarketer were available to plaintiff. (R. 49, 50-51, 328-329.) Thus, the Law Judge ultimately found that she was not disabled under the Act. (R. 50-51.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's decision.[3] (R. 5-8.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays*

---

[2]Plaintiff originally alleged a disability May 13, 2003 as the date of disability onset, but she amended this date at the July 5, 2005 hearing before the Law Judge. (R. 44, 88.)

[3]Plaintiff submitted additional evidence to the Appeals Council covering the period July 13, 2005 through May 16, 2006. (R. 6, 19-40.)

*v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff's counsel asserts that she is entitled to summary judgment "as a matter of law." (Plaintiff's Brief, p. 4.) Essentially, plaintiff first takes the position that the results of various pulmonary tests that were before the Law Judge demonstrated that plaintiff's impairment meets the requirements of § 3.02A of the Listings for chronic pulmonary insufficiency, specifically chronic obstructive pulmonary disease.[4] In that connection, a claimant's respiratory impairment is considered disabling under §3.02A of the Listings if pulmonary tests reveal a one-second forced expiratory volume ($FEV_1$) equal to or less than the stated value considering the claimant's height. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.02A. The regulations require the $FEV_1$ value to be measured when a claimant is in the "most stable state of health." 20 C.F.R. Pt 404, Subpt. P, App. 1, § 3.00E. The regulations further provide that the $FEV_1$ should represent the largest of at least three satisfactory forced expiratory maneuvers, and the pulmonary function studies should be

---

[4]The Law Judge found that plaintiff's impairment did not meet either § 3.02A or § 3.02B of the Listings. (R. 46-47.) Plaintiff focuses here only on whether her impairment meets § 3.02A. (Pl's Brief, pp. 3-4.)

3

performed both *before* and *after* the administration of a bronchodilator.[5] *Id.*; *Thacker v. Social Sec. Admin.*, 93 Fed. Appx. 725, 728 (6th Cir. 2004)(unpublished). In the event a bronchodilator is not administered, the reason the medication was not administered should be clearly set forth in the medical report of the test results. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.00E.

Plaintiff argues that she meets the requirements of § 3.02A according to tests performed on November 23, 2004 and January 31, 2005. (Pl's Brief, p. 3.) A person of plaintiff's height, no taller than sixty-nine inches without shoes (R. 47, 315), is considered disabled under Listing 3.02A where his or her $FEV_1$ is equal to or less than 1.45. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.02A. According to plaintiff's treating pulmonologist, James F. Witko, M.D., on November 23, 2004 her best $FEV_1$ was 1.40, and on January 31, 2005 her best $FEV_1$ was 1.38. (R. 46, 270, 273.) However, post-bronchodilator tests were not performed on these two dates, and there is no explanation as to why post-bronchodilator tests were not performed. (R. 270, 273.) Therefore, the Law Judge had a basis upon which he could have considered these tests not to have been valid for purposes of Listing 3.02A, and his decision that plaintiff's impairment did not meet the requirements of § 3.02A of the Listings is supported by substantial evidence.[6]

Next, plaintiff argues that tests performed on October 31, 2005, January 10, 2006, February 8, 2006, February 21, 2006, March 28, 2006, April 11, 2006, and May 16, 2006 show

---

[5] A bronchodilator is medication administered to improve ventilatory function by increasing airflow to the lungs. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.00E. The undersigned finds it noteworthy that the only test before the court with post-bronchodilator results, occurring within the relevant time period, shows the post-bronchodilator results to be considerably higher. (R. 282.)

[6] At the July 5, 2005 hearing, the Law Judge and plaintiff's counsel discussed the fact that in order to meet Listing 3.02A, post-bronchodilator test results were needed. (R. 334–335.)

4

that plaintiff's impairment meets the requirements of the Listing. (Pl's Brief, pp. 3-4.) These test results were submitted along with other treating evidence, for the first time, to the Appeals Council. (R. 6, 18-40, 283-302.) The Appeals Council found "no reason under our rules" to review the Law Judge's decisions. (R. 5.) The Council further found that the additional information did "not provide a basis for changing the Administrative Law Judge's decision." (R. 6.) Specifically, the Council determined that the evidence related to a period that was "later in time" than that considered by the Law Judge, and advised the plaintiff that if she desired to have the Commissioner consider whether she was disabled after August 5, 2005, the date of the Law Judge's decision, she could file a new application. (*Id.*)

Under the regulations, the Appeals Council has a duty to consider additional evidence where that evidence relates to the period under consideration by the Law Judge hearing decision. 20 C.F.R. § 404.970(b); *See also Wilkins v. Secretary of Dept. of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991); *Davis v. Barnhart*, 392 F.Supp.2d 747, 750 (WD Va. 2005). When it is presented with such, the Council must explain its decision rejecting that evidence in a manner that permits meaningful judicial review; otherwise, the case should be remanded for further consideration. *Riley v. Apfel*, 88 F.Supp 2d 572 (W.D.Va. 2000).

Here, the Appeals Council pointed out that the later acquired tests from October 31, 2005 through May 16, 2006 related to a period that was later than that considered by the Law Judge. Moreover, with the exception of one report dated March 28, 2006, none of the tests included post-bronchdilation results or explanations for the failure to administer a bronchodilator. (R. 27.) Thus, the Council's decision is supported by substantial evidence and is not contrary to the law.

For these reasons, it is RECOMMENDED that an order enter AFFIRMING the

5

Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

7-31-07
Date

6

Case 4:06-cv-00079-JLK-BWC   Document 16   Filed 07/31/07   Page 6 of 6   Pageid#: 56